IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DARIEN CAMPBELL and
SHELIA R. EASTLING, on
behalf of the minor child,
DARIEN CAMPBELL,

    Plaintiffs,

v.  No. 05-2006 B

LUCILLE RICHARDSON,
COLONIAL MIDDLE SCHOOL,
and the BOARD OF EDUCATION
OF MEMPHIS CITY SCHOOLS,

    Defendants.

_____

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

Before the Court is the motion of the Defendant, Board of Education of the Memphis City Schools (the "BOE"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. On January 5, 2005, the Plaintiff, Darien J. Campbell and Sheila R. Eastling on behalf of the minor child, Darien Campbell, brought this action against the Board, Colonial Middle School ("Colonial") and Lucille Richardson alleging, in accordance with 42 U.S.C. § 1983, violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, et seq.[1]; the Individuals with Disabilities

---

[1]The Court notes that the Defendant states in its motion that the Plaintiffs seek to maintain jurisdiction in this Court by alleging violations of Title VII and the Individuals with Disabilities Act, without mentioning the ADA. Nor does it seek summary judgment as to this claim. Moreover, the Plaintiffs in their response to the motion aver that they have alleged violations of Title VII and the Individuals with Disabilities Act, also failing to make any reference to the ADA. The Court assumes, therefore, based on the submissions, that the

Education Act (the "IDEA"), 20 U.S.C. § 1400, et seq.; the Tennessee Human Rights Act (the "THRA"), Tennessee Code Annotated § 4-21-101 et seq.; and Tennessee state law.

Rule 56 provides in pertinent part that

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988).  In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).  When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."  Celotex, 477 U.S. at 324, 106 S.Ct. at 2553.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S.Ct. at 1356.  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).  The "judge may not make credibility determinations or weigh the evidence."  Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

---

Plaintiffs have abandoned their ADA claim.  Accordingly, the claim is DISMISSED.

The facts of this case are essentially as follows. Campbell was at the time the complaint was filed a 14-year-old male who suffered from autism, a condition which left him with a mental functioning level of an 8- or 9-year-old. He attended Colonial, a public school in Memphis, Tennessee and was assigned to a special education class taught by Richardson. Campbell began to experience problems in the classroom and with Richardson, who, it is alleged, eventually struck him in the head with her shoe until he was bloody.

Prior to reaching the merits of the parties' contentions, the Court will first address the request of Plaintiff's counsel for an order directing the Defendants to respond to certain discovery requests. At the outset, a response to a motion for summary judgment is not the appropriate vehicle for seeking such relief. Rather, counsel should have filed a motion to compel under Fed. R. Civ. P. 37. In addition, the deadline for discovery has expired. In a scheduling order entered April 21, 2005, the discovery deadline in this matter was set for December 15, 2005. On December 8, 2005, the deadline was extended to January 31, 2006 by consent order. The Plaintiff argued in her response that the Defendants failed to answer interrogatories propounded on November 2, 2005. Counsel also avers that the attorney for Richardson promised at the individual Defendant's deposition on December 6, 2005 that he would provide her with a release authorization for records but did not follow through. It is the position of the Plaintiff's lawyer that the information sought was necessary to adequately respond to the motion for summary judgment. The instant motion was filed on January 27, 2006, four days prior to the running of the extended discovery deadline. The Plaintiff has offered no reason for her failure to seek an order from the Court compelling discovery or to request another extension of the discovery deadline. Counsel cannot be heard now, less than a month before trial, to complain about the Defendants' discovery failures. If court orders are to

mean anything, counsel must have some duty to monitor discovery efforts so that discovery will draw to a complete close in a timely fashion, to seek court enforcement of their rights promptly when it is necessary, and to timely inform the court if circumstances make compliance with the court-ordered deadline impossible. "The scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Payne v. Ryder Sys., Inc. Long Term Disability Plan, 173 F.R.D. 537, 540 (M.D. Fla. 1997) (citations omitted). Therefore, the request is denied.

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to prevail on such a claim, a § 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003). "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." Humes v. Gilless, 154 F.Supp.2d 1353, 1357 (W.D. Tenn. 2001).

The Defendant initially seeks dismissal of Colonial as a separate party in this action as it is not a suable entity under § 1983. Liability under § 1983 may only attach to "persons," which include local governments and municipalities. See Alkire v. Irving, 330 F.3d 802, 814 (6th Cir. 2003). However, it has been held that a building within a municipality that is not a separate legal entity is not a "person" for purposes of the statute. See Fuller v. Cocran, No. 1:05-CV-76, 2005 WL 1802415, at *1 (E.D. Tenn. July 27, 2005) (a county justice center which houses inmates is not a suable entity under § 1983); McCoy v. Roane County Jail, No. 3:04-CV-71, 2005 WL 1118046, at

*1 n.1 (E.D. Tenn. Apr. 27, 2005) (county jail is not a separate legal entity which can be separately sued). In Bauchman by and through Bauchman v. West High School, 900 F.Supp. 254 (D. Utah 1995), aff'd, 132 F.3d 542 (10th Cir. 1997), cert. denied, 524 U.S. 953, 118 S.Ct. 2370, 141 L.Ed.2d 738 (1998), the court found that a public secondary school had no independent legal existence and could not be sued under the civil rights statute, as "[i]individual schools are merely inseparable parts of the school districts." Bauchman, 900 F.Supp. at 263; see also Bonnie v. Star Spencer High Sch., No. CIV-05-635-M, 2005 WL 2077651, at *2 n.4 (W.D. Okla. Aug. 26, 2005) (noting that "under Oklahoma law, public school *districts,* as opposed to the individual public schools that fall within those districts, are the proper defendants in an action involving potential liability of a school"). Tennessee statute empowers local boards of education to "[m]anage and control all public schools established or that may be established under [their] jurisdiction." Tenn. Code Ann. § 49-2-203(2). Such boards may also consolidate schools and open additional schools if necessary in order to maintain efficiency. Tenn. Code Ann. § 49-2-203(b)(1), (3). Based on the foregoing, and the fact that the Plaintiffs have presented no argument or cited any statutory provision or case law supporting the designation of an individual public school as a suable entity, the claims against Colonial are hereby DISMISSED.

With respect to their § 1983 claim against the BOE, the Plaintiffs assert that the Defendant violated Campbell's constitutional rights under the Eighth and Fourteenth Amendments. The Eighth Amendment's protection against cruel and unusual punishment, however, applies only to those convicted of crimes. See Ingraham v. Wright, 430 U.S. 651, 664-668, 97 S.Ct. 1401, 1408-11, 51 L.Ed.2d 711 (1977); Galas v. McKee, 801 F.2d 200, 205 (6th Cir. 1986); Martin v. City of Columbus, No. 2:03CV161, 2005 WL 2671372, at *2 (S.D. Ohio Oct. 19, 2005). As this case does

not involve Campbell's conviction for a crime, the Defendant is entitled to summary judgment on his Eighth Amendment claim. See Moss v. Shelby County, 401 F.Supp.2d 850, 854 (W.D. Tenn. 2005) (Eighth Amendment not applicable to suit against county school board by student who suffered an asthma attack in gym class after being forced to exercise; amendment applied only to "those individuals who have been formally convicted of a crime").

The Court will assume for purposes of this order that Campbell's rights under the Fourteenth Amendment, which prohibits deprivation of life, liberty or property without due process of law, were violated. Indeed, the Defendant does not argue otherwise. Moreover, the Sixth Circuit has held that "a schoolchild's right to personal security and to bodily integrity manifestly embraces the right to be free from . . . abuse at the hands of a public school employee."[2] Doe v. Claiborne County, Tenn., 103 F.3d 495, 506 (6th Cir. 1996). In order to establish municipal liability on the part of the BOE, the Plaintiffs must demonstrate an unconstitutional action that "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or a constitutional deprivation[ ] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." McQueen v. Beecher Cmty. Sch., 433 F.3d 460, 471 (6th Cir. 2006) (citing Monell v. Dep't of Soc. Servs. 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)) (internal quotation marks omitted). The Supreme Court also instructed in Monell that "a municipality cannot be held liable *solely* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691, 98 S.Ct. at 2036 (emphasis in original). Thus, the Plaintiffs cannot base their claim against the BOE solely on Richardson's

---

[2] The abuse alleged in Claiborne County was of a sexual nature.

conduct. See Claiborne County, 103 F.3d at 507. It must be established that the BOE itself was the wrongdoer. See id.

> A "custom" for purposes of Monell liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" must include deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.
>
> In addition to showing that the School Board as an entity "caused" the constitutional violation, [a] plaintiff must also show a direct causal link between the custom and the constitutional deprivation; that is, she must show that the particular injury was incurred *because* of the execution of that policy.

Id. at 507-08 (internal citations and quotation marks omitted) (emphasis in original).

The Plaintiffs maintain that the BOE had a policy of failing to train teachers in dealing with autistic children and to investigate parental complaints of abuse. Inadequate training or supervision "may serve as the basis for liability under § 1983 only where the failure to train/supervise amounts to deliberate indifference to the rights of persons who come into contact with the employees of the governmental entity." Fessler v. Giles County Bd. of Educ., No. 1-00-0120, 2005 WL 1868793, at *17 (M.D. Tenn. July 27, 2005) (citing City of Canton, Ohio v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412, 426 (1989)).

> To be sure, for the governmental entity to be liable under § 1983 its policies must be the moving force behind the constitutional violation. Thus, only where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a governmental policy or custom that is actionable under § 1983. Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.

Id. (citing Harris, 489 U.S. at 388-89, 109 S.Ct. at 1204-05 & Bd. of County Comm'rs v. Brown, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626, 643 (1997)).

In cases alleging municipal liability under an "inaction" theory, a plaintiff must demonstrate that

(1)  the existence of a clear and persistent pattern of . . . abuse by school employees;

(2)  notice or constructive notice on the part of the [municipal defendant];

(3)  the [municipal defendant's] tacit approval of the unconstitutional conduct, such that [its] deliberate indifference in [its] failure to act can be said to amount to an official policy of inaction; and

(4)  that the [municipal defendant's] custom was the "moving force" or direct causal link in the constitutional deprivation.

Claiborne County, 103 F.3d at 508.

> The Monell custom requirement is an essential element of this claim. The evidence must show that the need to act is so obvious that the [municipal defendant's] "conscious" decision not to act can be said to amount to a "policy" of deliberate indifference to [the plaintiff's] constitutional rights. "Deliberate indifference" in this context does not mean a collection of sloppy, or even reckless, oversights; it means evidence showing an obvious, deliberate indifference to . . . abuse.

Id. (internal citations omitted).

Eastling stated in her deposition that, prior to the beating on January of 2004, after which Richardson was fired, she had concerns about the teacher's treatment of the students in her classroom, most of whom were severely retarded and non-verbal. Specifically, she and Campbell's grandmother noticed that he often came home from school with bruises, scratches, torn clothing and a damaged book bag. On one occasion, he suffered a broken arm while on a playground with his classmates and teachers. Eastling went to Ms. Rivers, the assistant principal at Colonial, about her concerns over possible abuse. Rivers told her that she would speak with Richardson as well as teacher's aides who worked in her classroom. The broken arm incident was investigated and an accident report prepared, but, as there were no eyewitnesses, school officials could not conclude that

Richardson had caused the injury. Eastling made other complaints to school officials and administrators about Richardson regarding what she considered the low level of academics taught in the classroom, the teacher's objections to items included in Campbell's lunches, and Campbell being left alone in the classroom. She also contends that she requested that her son be assigned a "shadow" to act as his personal assistant and for "protection." Unfortunately, it is difficult to discern from the testimony whether the conversations with officials and administrators concerned alleged abuse by Richardson or academic issues. Viewing, as it must, the evidence in the light most favorable to the Plaintiffs, the Court must conclude based on the information before it that the Plaintiffs have cleared the bar necessary to survive summary judgment on the § 1983 claim against the BOE. That is, evidence has been presented to establish a genuine issue of material fact as to whether the BOE had a policy of failing to properly train and/or supervise special education teachers in its employ and to investigate complaints, and whether their failure to act in the face of Eastling's protests regarding abuse amounted to deliberate indifference. Consequently, the Defendant's motion for summary judgment as to that claim is DENIED.

The Defendant also seeks summary judgment of the Plaintiffs' IDEA claim on two grounds: (1) they have failed to pursue administrative remedies prior to initiating this action and (2) the statute does not provide for undifferentiated money damages. Whether plaintiffs bring an action under the IDEA directly or under § 1983, they are required to "exhaust their administrative remedies before bringing a civil action to enforce their rights under the IDEA." Covington v. Knox County Sch. Sys., 205 F.3d 912, 915 (6th Cir. 2000), am. on den. of reh'g (May 2, 2000). The exhaustion requirement must be satisfied even though money damages, the only relief requested in this case, are not available under the IDEA or in the administrative process. See id. at 916.

> The rationales for requiring exhaustion even when the plaintiff seeks money damages are that plaintiffs could otherwise circumvent the IDEA's elaborate scheme simply by appending a claim for damages, and that the administrative process might ultimately afford sufficient relief to the injured party, even if it is not the specific relief that the plaintiff requested.

Id. at 916-17 (internal citation omitted).

Under certain circumstances, however, where the remedies provided under the administrative process would be insufficient to make the plaintiff whole, the exhaustion requirement may be bypassed. Gean v. Hattaway, 330 F.3d 758, 773 (6th Cir. 2003). Specifically, "[e]xhaustion is not required if it would be futile or inadequate to protect the plaintiff's rights." Covington, 205 F.3d at 917. The burden of establishing futility is borne by the plaintiff. Id. In this case, the Plaintiffs have made no assertion, much less established, that they have exhausted their administrative remedies or that such exhaustion would be futile. Accordingly, their IDEA claim is hereby DISMISSED without prejudice.

Summary judgment is also granted as to the Plaintiffs' Title VII claim. The statute provides that it

> shall be an unlawful employment practice for an *employer* . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1) (emphasis added). Thus, the relief granted to an employee under Title VII is against his or her *employer*. Burnett v. Tyco Corp., 932 F.Supp. 1039, 1041 (W.D. Tenn. 1996). The purpose of the statute is to combat discrimination in workplace and to eradicate intentional discrimination in employment. Clark v. Johnson & Higgins, No. 97-4233, 1999 WL 357804, at *7 (6th Cir. May 28, 1999); Winston v. Hardee's Food Sys., Inc., 903 F.Supp. 1151, 1154 (W.D. Ky. 1995). Because this is not an employment discrimination claim, the Court is at a loss to

10

determine the purpose of the Plaintiffs' allegation that the Defendant violated Title VII.  Therefore, the claim is DISMISSED.

Finally, the Court turns to the BOE's request for dismissal of the Plaintiffs' state causes of action.  In their complaint, the Plaintiffs allege generally that the Defendants violated the THRA and "the laws of the State of Tennessee."  However, neither in their complaint nor their response to the motion for summary judgment do the Plaintiffs elaborate on the bases for any state law claims, and it is not within the province of the Court to fashion an argument on their behalf.  Therefore, any state law claims asserted by the Plaintiffs against the BOE are hereby DISMISSED.

IT IS SO ORDERED this 4th day of April, 2006.

            s/ J. DANIEL BREEN
            UNITED STATES DISTRICT JUDGE